FILED
SUPERIOR COURT
OF GUAM

2012 JUN 26 PM 4: 3

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | ) CRIMINAL CASE NO. CF224-09 |
| Plaintiff, | ) |
| | ) |
| | ) FINDINGS OF FACT AND |
| | ) CONCLUSIONS OF LAW |
| vs. | ) (Restitution) |
| | ) |
| | ) |
| EDDIE CONCEPCION MUNA | ) |
| aka EDWARD CONCEPCION MUNA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on April 4, 2012, for a restitution hearing. Assistant Attorney General Nelson J. Werner represented the People of Guam ("the People"). Assistant Public Defender Pablo M. Aglubat appeared on behalf of Eddie Muna ("Defendant"). Now, taking all evidence and arguments into consideration, the Court issues its findings and conclusions.

## FINDINGS OF FACT

By preponderance of the evidence, the Court makes the following findings of fact:

1. On May 1, 2009, Defendant was indicted on the charge of Theft of Property (As a 3rd Degree Felony) and Unauthorized Use of a Motor Vehicle (As a Misdemeanor). Indictment (May 1, 2009).

2. On December 10, 2010, the parties entered into a Plea Agreement under which the Defendant agreed to plead guilty to the lesser included charge of Unauthorized Use of a Motor Vehicle (As a Misdemeanor). The Plea Agreement stated the essential elements of the offense as follows: First: On or about April 22, 2007 inclusive in Guam; Second: the Defendant did operate a motor-propelled vehicle; Third: the Defendant did so without consent of the person authorized to give consent; Fourth: the Defendant did so knowingly. Plea Agreement at ¶3.

3. On January 25, 2011, the Court accepted Eddie Concepcion Muna's guilty plea to Unauthorized Use of a Motor Vehicle (As a Misdemeanor). Accordingly, a Judgment was filed on March 2, 2011. The Judgment required the Defendant to pay restitution, if any, arising out of each charge in the complaint. Judgment at ¶C.

4. On April 7, 2011, a restitution report was filed with the Court. The type of restitution requested by the victim was for the value of the backhoe at the time it was taken. The value was established by an on island Caterpiller dealer, Hawthorne Pacific, for an estimate cost in the amount of $30,000.00. People's Statement of Restitution at Attachment A.

5. A restitution hearing was held on April 4, 2012 before this Court where testimony was heard as to the value and condition of the backhoe.

6. Eddie Concepcion Muna admitted that he knew how to repair backhoes. Transcript JDAASCRA (4/4/2012) at 2:36:02. With such knowledge and by his observations of the backhoe's condition, he came to the conclusion that the backhoe would "break down" anytime due to the various problems present in the backhoe's vital operating parts. Id. at 2:37:10. Mr. Muna stated that there was rust in some areas, the engine had leaks, and the hydraulic system had leaks. Id. at 2:31:20.

7. Mr. Muna stated that when he came to the belief that the backhoe would break down at any time he notified his supervisors of the various problems present in the backhoe. Id. at 2:31:21. Upon notification the Defendant stated that his supervisors did not take any further action to fix the problems and told him to just use it anyway. Id.

8. The Defense argued that the sample backhoe valued at $30,000.00 is not a cross representation of backhoes in a relevant market and thus does not represent how much people are willing to pay for a similar backhoe. Defendant's Memorandum on Restitution at ¶ 2-3.

9. The Defendant admitted that he would have paid about $5,000.00 for the backhoe. Transcript JDAASCRA (4/4/2012) at 2:42:48.

10. The People argued that while the Defense did present sample auction prices of backhoes found in various states such as California and Michigan, the prices found do not take into consideration the difference in price placed on Guam's backhoes due to various factors. Id. at 3:10:22. The demand for backhoes would be different given the number of backhoes available in Guam as opposed to the amount found in California or another large state. Id. at 3:10:29. Also, the cost in shipping to Guam would require additional consideration to the value of a similar backhoe in Guam. Id. at 3:10:37.

11. Defendant was the only witness to testify at the restitution hearing.

## CONCLUSIONS OF LAW:

Restitution is authorized pursuant to 9 G.C.A. § 80.50 (2005) and 9 G.C.A. § 80.53. A defendant may be ordered to pay restitution for property shown to be lost so long as the restitution does not exceed the victim's loss resulting from the offense. Id. Imposing restitution is based upon the principle that the offender should make reparations to the victim by restoring the victim to his economic status quo before the offender's wrongdoing. In re Andrew C.,

215Ariz. 366, 367, ¶ 10, 160 P.3d 687, 689 (App.2007). The guiding principle is to make the victim whole to the extent permitted by the statutory and constitutional scheme. Id. at ¶ 11. Additionally, restitution in this case is necessary because it would act as a deterrent and a correcting influence on the defendant. See 9 G.C.A. §80.52 (b)(2). Thus, the Defendant through his Plea Agreement, voluntarily agreed that he would pay restitution. Plea Agreement at ¶ C.

The conviction here is of a misdemeanor which would ordinarily limit the order of restitution to $1,000.00 set by 9 G.C.A. §80.50 (c). However, restitution awards in excess of $1,000.00 are allowed under section 80.50 (e) but are limited up to double the amount equal to the loss to the victim. People v. Mallo, 2008 Guam 23 ¶ 41. Section 80.50(e) allows for a higher amount when there is a finding of loss to the victim that is higher than that. Id. at ¶ 43.

The People argue that the Victim has suffered a total loss of $33,895.00 which includes the fair market value of the backhoe at the time that it was taken from the Victim and the cost of a replacement rental backhoe.

The Defendant argues that the People's claim for restitution is not based on the average price of a similar type of backhoe and thus should not pay the amount of $33,895.00 requested in the People's claim. The Defendant further argues that the ceiling of the restitution should be at $8,000.00. Under an alternative method of valuation the defendant suggests, for at least the restitution ceiling, to be what the owner thought the value was at the time the theft was reported which was $8,000.00.

In calculating the amount owed in restitution, the court needs only a reasonable determination of appropriate restitution. U.S. v. Kearney, 672 F.3d 81(1st Cir. 2012). Trial courts may use any rational method of fixing the amount of restitution which is reasonably calculated to make the victim whole. People v. Goulart., 273 Cal. Rptr. 477, 483 (Cal. App. 4 Dist. 1990).

Here, a reasonable basis for setting the amount of restitution would be based on the market value of this particular backhoe at the time it was taken. Market value means what a willing customer would pay for this specific backhoe in light of its characteristics, e.g. functionality, fitness, age, reliability, etc. Further evidence of market value will be based upon prices found for similar backhoes and from the owner's assessment of value. The backhoe's condition, sample prices, and the owner's assessment all have an equal part in factoring this particular backhoe's market value.

The sample prices presented by both parties will merely provide a basis of what a backhoe like the one taken could possibly be worth. However, as stated earlier, the market value of this backhoe will rely on a multitude of factors not just upon an average price calculated from multiple similar backhoes on the market. An average price would not consider the distinct characteristics which give each sample backhoe presented their individual value.

Here, the sample prices for similar backhoe models presented by both parties range from $9,500.00 to $30,000.00. This base range facilitates an easier and more reasonable computation of a backhoe's market value where no other information is known on what a backhoe should be worth. For the sake of argument, without such a basis here and without any knowledge on what a used, seventeen year old backhoe could be worth, one could easily believe that a backhoe's value ranged from $1,000.00 to $100,000.00. From this ambit of prices, a market value of $8,000.00 remains within a reasonable range of loss to the victim.

With this price range in mind, this particular backhoe's fitness and characteristics give further support for a market value of $8,000.00. While the similar backhoes presented were valued higher than $8,000.00, the reported condition of the backhoe does not show any merit to give a higher value than $8,000.00. As stated previously, the backhoe had problems with its vital

systems which led the Defendant to come to the belief that it would break down at any time. By being in such a state and possibly on the verge of completely breaking down, this backhoe was certainly not worth much more than the suggested $8,000.00 here.

While the backhoe was in a condition to drive 14 miles from the Victim's jobsite to the lot where it was abandoned, fitness to drive that distance only attests to a basic capability to drive that far. Driving 14 miles cannot suggest any other possibility of the backhoe's fitness beyond that capability. Even with this ability, it is still evident that the backhoe was in a declining condition only to possibly break completely where the Victim took no action to fix the problems after being notified of them by the Defendant. The basis of the backhoe's market value will be based on its condition when it was taken from the Victim, which was shown to be deteriorating without action and despite awareness by its owners. With evidence of a poor condition prior to the offense, the suggested $8,000.00 value here remains reasonable.

The final factor for consideration of the market value lies with the Victim's stated value of $8,000.00 in the theft report filed after the backhoe was taken. Statements by the victims of the crimes about the value of property stolen can constitute prima facie evidence of value for purposes of restitution. People v. Prosser., 68 Cal. Rptr. 3d 808, 815 (Cal. App. 4th Dist., 2007).

As the owner of the backhoe and as a professional construction business, the Victim should have been competent enough to estimate a reasonable value of the backhoe at the time the theft was reported. Backhoes would be a major tool in fulfilling the Victim's duties in its line of business and as such, it would be reasonable to expect that a business would try to comprehend the value of its valuable and required tools. Furthermore, the problems in the backhoe were present prior to the offense here and the Victim was aware of those problems. Cognizant of its

condition when the backhoe was taken, the Victim reported the backhoe to be worth $8,000.00 in the theft report.

Regardless of whether this reported value was simply a rough estimate which could have been higher or lower than its precise value, it is significantly less than the requested $30,000.00. Realistically any owner could certainly be able to tell the difference of their property's value if it ranged below $10,000.00 or much higher to $30,000.00.

In consideration of the sample prices of similar backhoes, the backhoe's condition when it was taken, and the Victim's estimated value reported, a reasonable market value for the backhoe was $8,000.00.

With respect to the rental fees the Victim seeks compensation for in restitution, they will not be included in the restitution amount. Restitution should be ordered for the actual damages incurred by the defendant's conduct, e.g. loss of the value of the backhoe, and for losses that were foreseeable from the defendant's conduct. State v. Morris, 839 P.2d 434, 438 (Ariz. App. Div. 1,1992).

However, there are no facts presented which could suggest renting a replacement backhoe was a foreseeable result. While renting a backhoe to replace the one the Defendant took was a consequential expense from his offense, there is no compelling evidence which shows that renting a replacement backhoe was absolutely necessary to deem it as an actual damage or was a foreseeable result. Therefore, the rental fees incurred by the Victim will not be included in the restitution amount.

In view of the above discussion, the Victim is only entitled to $8,000.00 for the offense committed by the Defendant. The Court determines that the other losses claimed by the Victim beyond deprivation and damage to the backhoe are not related to the Defendant's offense for

purposes of restitution as authorized by statute. Therefore, the Victim is entitled to restitution in the amount of $8,000.00.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court ORDERS the Defendant to pay restitution in the amount of eight thousand dollars ($8,000.00) to PC Carlos Construction for its losses incurred as a result of Defendant's offense.

**SO ORDERED** this _26_ day of June, 2012.

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

JUN 26 2012

Arnold D. Gutierrez
Deputy Clerk, Superior Court of Guam